MURPHY, J.
1, Defendant, Landis Camp, appeals his convictions for fourth offense DWI and aggravated criminal damage to property. For the reasons that follow, we affirm defendant’s convictions and sentences, and we grant appellate counsel’s motion to withdraw as attorney of record.
STATEMENT OF THE CASE
On December 22, 2015, the Jefferson Parish District Attorney’s Office filed a bill of information charging defendant with fourth offense DWI, in violation of La. R.S. 14:98(A) and 14:98.4(A) (count one)[1], and aggravated criminal damage to property, in violation of La. R.S. 14:55 (count two). Defendant pled not guilty to both charges at his arraignment on December 28, 2015. On February 24, 2016, defendant’s motion to quash and motion to suppress evidence were both denied by the trial court. On *971 March 23, 2016, defendant pled guilty as charged to counts one and two, after being advised of his Boykin[2] rights. Pursuant to a plea agreement with the State, for count one defendant was sentenced to ten years imprisonment at hard labor, with two years to be served without benefit of probation, parole, or suspension of sentence. The court also imposed a $5,000 fíne. For count two, defendant was sentenced to seven and one-half years imprisonment at hard labor. Defendant’s sentences were ordered to be served concurrently with each other and with his sentence in Twenty-Fourth Judicial District Court case number 15-6632.[3] Defendant was granted an out-of-time appeal on July 28, 2016, and the instant appeal follows.
| ¿FACTS
Because the instant convictions were the result of guilty pleas, the underlying facts of the matter were not fully developed at trial. However, at the time of defendant’s guilty plea, the State provided the following factual basis for counts one and two:
[0]n or about the 29th day of October, 2015, the Defendant, Landis Camp violated Louisiana Revised Statute [... ] 14:98.A and 14:98.4(A) in that he did willfully and unlawfully operate a motor vehicle while intoxicated having three previous convictions for operating a vehicle while intoxicated, the first time being on August the 22nd, 2007, under Docket Number S1055054 in 2nd Parish Court, Division B; the second time being July 17th, 2008, under Docket Number S1079667, also in 2nd Parish Court, Division A; and the third time being December the 6th, 2011, under Docket Number 09-1161, in the 24th Judicial District—Judicial District Court, Division G.
And also on Count 2, on the same day, October the 29th, 2015, the Defendant, Landis Camp violated Louisiana Revised Statute 14:55, committing aggravated criminal damage to Jefferson Parish Sheriffs Office property, a—specifically a police unit belonging to Deputy Andre Nelson.
All of these offenses occurred in the Parish of Jefferson.
ANDERS BRIEF
Under the procedure adopted by this Court in State v. Bradford, 95-929, pp. 3-4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[4] appointed appellate counsel has filed a brief asserting that he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam), appointed counsel requests permission to withdraw as counsel of record.
In Anders, supra, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be | .¡wholly frivolous after a conscientious examination of it.[5] The request must be ac *972 companied by “‘a brief referring to anything in the record that might arguably support the appeal’ ” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988) (internal citation omitted).
In State v. Jyles, 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” Id.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. Bradford, 95-929, at 4, 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed |4attomey to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Id.
ANALYSIS
Defendant’s appellate counsel asserts that after a detailed review of the record, he could find no non-frivolous issues to raise on appeal. Counsel indicates that defendant pled guilty pursuant to a counseled plea agreement and did not reserve the right to seek review of any of the trial court’s rulings under State v. Crosby,[6] Defense counsel also concludes that the record shows defendant was “legally competent” in his mental capacity throughout the proceedings.[7] Counsel concludes that the plea bargain was advantageous to defendant, and that the trial court’s colloquy was thorough and complete. Appellate counsel has filed a motion to withdraw as attorney of record and has mailed defendant a copy of his brief.[8]
The State asserts that the record shows that prior to defendant’s guilty plea, the district court fully explained to him the rights he was waiving, and defendant affirmed his understanding. Further, defendant was informed of his right to appeal. The State concludes, therefore, that defendant’s convictions and sentences should be affirmed and that appellate counsel should be allowed to withdraw.
An independent review of the record supports appellate counsel’s assertion that *973 there are no non-frivolous issues to be raised on appeal.
The record shows that defendant was present at the sentencing and was represented by counsel. Prior to sentencing, the trial court entered into a colloquy with defendant wherein the court advised defendant of his Boykin[9] rights and asked defendant if he understood that he was waiving those rights by pleading guilty. Defendant was advised of the sentences he would receive if he pled guilty. ^Defendant’s sentences were in the statutory range for violations of La. R.S. 14:98(A) and 14:98.4(A) (count one) and La. R.S. 14:55 (count two). Furthermore, La. C.Cr.P. art. 881.2(A)(2) provides that a defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. Defendant was also properly advised of the time limitations for filing post-conviction relief.
In his pro se brief, defendant asserts that the State failed to present evidence of probable cause at his motion for preliminary examination. As previously noted, defendant did not preserve his right to challenge the trial court’s ruling on this motion pursuant to State v. Crosby, supra, as part of his guilty plea. Nevertheless, the argument lacks merit and is directly contradicted by the record. The minute entry of February 24, 2016, indicates that the State presented evidence at the preliminary examination consisting of a DVD of “Dash and Body Camera Footage,” as well as the testimony of Officer Leroy Victori-ano of the Westwego Police Department.
In his supplemental brief, defendant also makes general non-specific references to other potential complaints. All specifications or assignments of error must be briefed pursuant to Uniform Rules, Courts of Appeal, Rule 2-12.4, and the appellate court may consider abandoned any specification or assignment of error that has not been briefed. State v. Caulfield, 10-769 (La.App. 5 Cir. 5/24/11), 67 So.3d 600, 608, writ denied, 11-1395 (La. 3/30/12), 85 So.3d 107. Defendant has effectively failed to brief these potential grievances, and thus, we consider them abandoned.
Because appellate counsel’s brief adequately demonstrates by full discussion and analysis that he has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record | ^supports counsel’s assertion, we affirm defendant’s sentences and convictions and grant appellate counsel’s motion to withdraw as attorney of record.
ERRORS PATENT DISCUSSION
Defendant requests an errors patent review. However, this Court routinely reviews the record for errors patent in accordance with La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); and State v. Wetland, 556 So.2d 175 (La. App. 5 Cir. 1990) regardless of whether defendant makes such a request. Our review reveals no errors patent in this case which require correction.
DECREE
Accordingly, for the reasons provided herein, defendant’s convictions and sentences are affirmed and appellate counsel’s motion to withdraw as attorney of record is hereby granted.
CONVICTIONS AND SENTENCES AFFIRMED; MOTION TO WITHDRAW GRANTED

. On March 23, 2016, the State amended count one to reflect that it was a class three felony. The original bill of information incorrectly identified the count as a class two felony, While defendant was not re-arraigned on the corrected charge, we find this error to be waived in light of his subsequent guilty plea without an objection. La. C.Cr.P. art. 555.

. Boykin v. Alabama, 393 U.S. 820, 89 S.Ct. 200, 21 L.Ed.2d 93 (1968).

. Defendant's appeal from the conviction and sentence in that case is also presently pending before this Court.

. In Bradford, supra, this Court adopted the procedures outlined in State v. Benjamin, 573 So.2d 528, 530 (La. App. 4 Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981, pp. 1-2 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam).

.The United States Supreme Court reiterated Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

. 338 So.2d 584 (La. 1976).

. Nevertheless, defendant's guilty pleas waived his right to challenge his competency on appeal. See State v. Lyons, 13-180, p. 17 (La.App. 5 Cir. 10/9/13), 128 So.3d 407, 415.

.Additionally, this Court sent defendant a letter by certified mail informing him that an Anders brief had been filed and that he had until January 13, 2017, to file a pro se supplemental brief. Defendant filed pro se briefs on January 24, 2017, and January 27, 2017.

. Boykin v. Alabama, supra.