MURPHY, J.
| defendant, Arnold Vance, appeals his conviction and sentence for first degree robbery. For the reasons that follow, we affirm the conviction and sentence and remand with instructions. We further grant appellate counsel’s motion to withdraw as attorney of record!
STATEMENT OF THE CASE
On July 28, 2014, the Jefferson Parish District Attorney’s office (“the State”) filed a bill of information charging defendant with one count of first degree robbery in violation of La. R.S. 14:64.1. On July 29, 2014, defendant pled not guilty at arraignment. On March 24, 2015, defendant withdrew his not guilty plea, pled guilty as charged, and was sentenced to eight years imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. On January 20, 2017, defendant was granted an out-of-time appeal. The instant appeal follows.
FACTS
Because the instant conviction was a result of a guilty plea, the underlying facts were not fully developed at trial. However, at the time of defendant’s guilty plea, the State provided the following factual basis:
[S]hould this case proceed to trial, the State has sufficient evidence to demonstrate beyond a reasonable doubt that Arnold Vance committed the felony offense of first degree robbery in that he led the victim to reasonably believe he was armed with a dangerous weapon to facilitate the robbery; that robbery occurred on May 25th, 2014, within the confines of Jefferson Parish, Louisiana.
ANDERS BRIEF
Under the procedure adopted by this Court in State v. Bradford, 95-929, pp. 3-4 *1194 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[1] appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court |2record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam), appointed counsel requests permission to withdraw as counsel of record.
In Anders, supra, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it.[2] The request must be accompanied by “ ‘a brief referring to anything in the record that might arguably support the appeal’ ” so as to provide'the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability!’ and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” McCoy v. Court, of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988) (internal citation omitted).
In State v. Jyles, 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion-or objection made at trial with a detailed explanation of why the motions or objections lack, merit. The supreme court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” Id.
¡¡¡When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. Bradford, 95-929, at 4, 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable bn the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellant counsel. Id.
ANALYSIS
Defendant’s appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. This was not a plea under State v. Crosby, 338 So.2d 584 (La. 1976) and there were no pretrial motion hearings subject to this appeal. Counsel indicates that defendant pled guilty pursuant to a counseled plea agreement, and that the *1195 trial court’s colloquy was thorough and complete. In exchange .for defendant’s guilty plea, the State agreed not to file a multiple offender bill of information. Appellate counsel has filed a motion to withdraw as attorney of record and has mailed defendant a copy of her brief.[3]
The State asserts that the record shows that prior to defendant’s guilty plea, the district court fully explained to him the rights he was waiving, and defendant affirmed his understanding. ■ The State agrees with counsel that defendant made a knowing and voluntary act of pleading guilty. Further, defendant was informed of his right to appeal. The State concludes, therefore, that defendant’s convictions and ^sentences should be affirmed and that appellate counsel should be allowed to withdraw.
An independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal.
The record shows that defendant was present at sentencing and was represented by counsel. Prior to sentencing, the trial court entered into a colloquy with defendant wherein the court advised defendant of his Boykin[4] rights and asked defendant if he understood that he was waiving those rights by pleading guilty. Defendant was advised of the sentence he would receive if he pled guilty. Defendant’s sentence is in the statutory range for a violation of La. R.S. 14:64.1. Further, it appears -that defendant’s plea bargain for the charged offense of first degree robbery was highly beneficial. Defendant received an eight-year sentence for a crime that permitted a maximum sentence of forty years. La. C.Cr,P. art. 881.2(A)(2) provides that a defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the-plea. Defendant was also properly advised of the time limitations for filing post-conviction relief.
Because appellant, counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for. a non-frivolous appeal and an independent review of the record supports counsel’s assertion, we affirm defendant’s sentences and convictions and grant appellate counsel’s motion to withdraw as attorney of record.
PRO SE ASSIGNMENT OF ERROR NUMBER ONE
Defendant raises two pro se assignments of error. In his first assignment, defendant.asserts that his guilty plea was fraudulently obtained because his trial counsel misled him about evidence the State had against him. Defendant also | r,contends that the State failed to turn over Brady[5] material which proves his innocence, specifically a “C-D Rom” of defendant’s arrest, and ATM receipts from the victim in this case that show that he was robbed on a different date. However, because defendant pled, guilty, he cannot now challenge the sufficiency of the evidence against him. State v. Smith, 07-815 (La. App. 5 Cir. 3/11/08), 982 So.2d 821, *1196 824 n.3, writ denied, 08-927 (La. 11/14/08), 996 So.2d 1088.[6]
PRO SE' ASSIGNMENT OF ERROR NUMBER TWO
In his second assignment of error, defendant asserts that his trial counsel was “intentionally ineffective” for failing to challenge an illegal arrest. Defendant faite to brief this assignment, and we therefore consider it abandoned under Uniform Rules, Courts of Appeal, Rule 2-12.4. See State v. Camp, 16-473 (La. App. 5 Cir. 3/15/17), 215 So.3d 969, 973. Nevertheless, based on the limited record on appeal, we find that defendant’s ineffective assistance of counsel claim would be more appropriately raised in an application for post-conviction relief in the trial court, where a full evidentiary hearing can be conducted, if necessary, and defendant can present evidence to support his allegations. State v. Taylor, 04-346 (La. App. 5 Cir. 10/26/04), 887 So.2d 589, 595.
ERRORS PATENT DISCUSSION
The record was reviewed for errors patent in accordance with La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); and State v. Welland, 556 So.2d 175 (La. App. 5 Cir. 1990). We note that' the State of Louisiana Uniform Commitment Order (“UCO”) fails to include the trial court’s recommendation that | (¡defendant be allowed to participate in “any self-help and/or work release programs” that may be available to him. Where there is a conflict between the transcript and the minute entry, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La. 1983). Accordingly, we remand the case for correction of the UCO to reflect the court’s recommendation for any self-help and/or work release programs available to defendant, and direct the Clerk of Court to transmit the corrected UCO to the officer in charge of the institution to which defendant has been sentenced as well as. to the legal department of the Louisiana Department of Public Safety and Corrections. ■
DECREE
Accordingly, for the reasons provided herein, defendant’s conviction and sentence are affirmed, the matter is remanded for a correction to the uniform commitment order, and appellate counsel’s motion to withdraw as attorney of record is hereby granted.
CONVICTION AND SENTENCE AFFIRMED; REMANDED WITH INSTRUCTIONS; MOTION TO WITHDRAW GRANTED

. In Bradford, supra, this Court adopted the procedures outlined in State v. Benjamin, 573 So.2d 528, 530 (La. App. 4 Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981, pp. 1-2 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam).

. The United States Supreme Court reiterated Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

.Additionally, this Court sent. defendant a letter by certified mail informing Kim that an Anders brief had been filed and that he had until April 6, 2017, to file a pro se supplemental brief. Defendant timely filed a pro se brief.

. Boykin v. Alabama, 393 U.S. 820, 89 S.Ct. 200, 21 L.Ed.2d 93 (1968).

. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 1196-1197, 10 L.Ed.2d 215 (1963).

. Even if considered, we note that defendant’s argument in this assignment fails on the merits. The U.S. Supreme Court' has explained that "[t]here are three components of a true Brady violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued.” Strickler v. Greene, 527 U.S. 263, 281-282, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999). Here, defendant has not demonstrated how the evidence he claims is Brady material, specifically the C-D Rom of his arrest, is favorable to his defense. Next, defendant appears to acknowledge in his brief that his trial counsel had the opportunity to review the C-D Rom, which implies that the .State did not suppress it. With respect to the photographs of receipts attached to defendant’s pro se brief, defendant states that he was the one who collected them. Again, defendant does not assert how these receipts are exculpatory, or that they were in the State’s custody and control. Accordingly, the requirements for a Brady claim have not been met.