GRAVOIS, J.
*786 Defendant, Ben E. Marenco, appeals his conviction and sentence resulting from a guilty plea to forcible rape. His appointed appellate counsel has filed a brief in conformity with the procedure outlined in State v. Bradford , 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11, asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles , 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam), appointed appellate counsel requests permission to withdraw as counsel of record for defendant. After thorough review of the record, we agree with counsel's assessment of the case and accordingly grant counsel's motion to withdraw. We affirm defendant's conviction and sentence, but remand the matter for correction of errors patent as noted in our errors patent review.
PROCEDURAL HISTORY
On January 12, 2015, the Jefferson Parish District Attorney filed a bill of information charging defendant with forcible rape in violation of La. R.S. 14:42.1.[1] Defendant pleaded not guilty at his arraignment on February 23, 2015. Defense counsel also made an oral motion to appoint a sanity commission on that date. A sanity hearing was set for March 25, 2015. Thereafter, on March 25, 2015, the parties stipulated to the qualifications of experts in the fields of forensic psychiatry and psychology and their opinion of defendant's competency. The trial court accepted the stipulation and found defendant competent to stand trial.
Later on that same day, defendant withdrew his plea of not guilty and pleaded guilty to the charge of forcible rape pursuant to North Carolina v. Alford , 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).[2] In accordance with the plea agreement, the trial court sentenced defendant to twenty years imprisonment at hard labor, without the benefit of probation, parole, or suspension of sentence, to run concurrently with the sentences being served in case numbers 13-5008, 14-1370, and 14-5075.[3] The trial court also advised defendant of the sex offender notification/registration requirements.
Defendant subsequently filed a pro se Motion to Correct Illegal Sentence, which was denied by the trial court on June 15, 2015. On March 28, 2017, defendant filed an Ex Parte Motion for Special Proceeding, wherein he sought reinstatement of his appeal rights. On April 3, 2017, the *787 trial court granted defendant an out-of-time appeal.[4] This appeal followed.
FACTS
During the guilty plea proceeding, the State asserted that if the matter had proceeded to trial, it would have proved beyond a reasonable doubt that on or between September 13 and 14, 2014, in Jefferson Parish, defendant knowingly and intentionally violated La. R.S. 14:42.1 in that he had sexual intercourse with L.S.[5] without her consent and with use of force, threats, or physical violence.
The bill of information similarly provides that on or between September 13 and 14, 2014, defendant violated La. R.S. 14:42.1 in Jefferson Parish by having sexual intercourse with L.S. without her consent and by force or threats of physical violence.
ANDERS BRIEF
Under the procedure adopted by this Court in State v. Bradford , supra , appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California , supra , and State v. Jyles , supra , appointed counsel requests permission to withdraw as counsel of record for defendant.
In Anders , the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds her case to be wholly frivolous after a conscientious examination of it. The request must be accompanied by "a brief referring to anything in the record that might arguably support the appeal" so as to provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability" and to assist the reviewing court "in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." McCoy v. Court of Appeals of Wisconsin, Dist. 1 , 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
In Jyles , 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The court *788 explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." Id.
When conducting a review for compliance with Anders , an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. Bradford , 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Id.
ANALYSIS
Defendant's appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Counsel asserts that defendant was informed of the forcible rape charge against him. She contends that the trial court advised defendant of his right to a jury trial, his right to confront his accusers, and his privilege against self-incrimination, and he acknowledged his understanding of these rights. She provides that defendant indicated his understanding of the sentencing range he faced and the terms of the plea agreement. Counsel notes that the State merely recited the bill of information when asked to provide a factual basis for the plea, but she points out that the preliminary hearing transcript included in the record contains additional evidence of defendant's guilt. She further mentions that defendant received a twenty-year sentence without benefits as the trial judge had previously apprised defendant during the colloquy and that defendant was advised of his obligation to register as a sex offender.
Appellate counsel has filed a motion to withdraw as counsel of record for defendant which states she has notified defendant of her motion. Additionally, this Court sent defendant a letter by certified mail informing him that an Anders brief had been filed on his behalf and that he had until September 14, 2017 to file a pro se supplemental brief. As of the date of the case's submission for decision, defendant had not filed a brief with this Court.
The State provides that defendant voluntarily and intelligently entered his plea of guilty and that his sentence should be upheld. Thus, the State agrees with appellate counsel's assertion that this case presents no non-frivolous issues for review and that her motion to withdraw should be granted.
An independent review of the record supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal.
The bill of information properly charged defendant and plainly and concisely stated the essential facts constituting the charged offense. It also sufficiently identified defendant and the crime charged. See La. C.Cr.P. arts. 464 - 466. As reflected by the minute entries and the commitment, defendant appeared at each stage of the proceedings against him. As such, defendant's presence does not present any issues supporting an appeal.
Further, defendant pled guilty to forcible rape, a violation of La. R.S. 14:42.1. If a defendant pleads guilty, he *789 normally waives all non-jurisdictional defects in the proceedings leading to the guilty plea proceedings and precludes review of such defects either by appeal or post-conviction relief. State v. Wingerter , 05-697 (La. App. 5 Cir. 3/14/06), 926 So.2d 662, 664. The record does not reflect that any rulings were preserved for appellate review under the holding in State v. Crosby , 338 So.2d 584 (La. 1976). Also, prior to defendant's guilty plea proceeding, the trial court found him competent to stand trial. Defendant's guilty plea waived his right to challenge his competency on appeal. See State v. Camp , 16-473 (La. App. 5 Cir. 3/15/17), 215 So.3d 969, 972 n.7.
The "best interest" or Alford plea is one in which the defendant pleads guilty while maintaining his innocence. State v. McCoil , 05-658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1123. According to Alford , a defendant may plead guilty, without foregoing his protestations of innocence, if "the plea represents a voluntary and intelligent choice among the alternative courses of action open to defendant[,] ... especially where the defendant was represented by competent counsel whose advice was that the plea would be to the defendant's advantage." State v. Jones , 07-512 (La. App. 5 Cir. 12/27/07), 975 So.2d 21, 24-25, writ denied , 08-0325 (La. 9/26/08), 992 So.2d 982. Defendant pleaded guilty pursuant to Alford , supra , which requires the establishment of a factual basis for the plea when a defendant protests that he is innocent. When a defendant pleads guilty under Alford , constitutional due process requires that the record contain strong evidence of actual guilt. McCoil , 924 So.2d at 1122-23.
The State offered a factual basis for the plea, which the trial court found to be sufficient under Alford , supra . As mentioned, during the guilty plea proceeding, the State asserted that if the matter had proceeded to trial, it would have proved beyond a reasonable doubt that on or between September 13 and 14, 2014, in Jefferson Parish, defendant knowingly and intentionally violated La. R.S. 14:42.1 in that he had sexual intercourse with L.S. without her consent and with use of force, threats, or physical violence. We also find the State's factual basis to be sufficient.[6] Further, the trial judge asked defendant whether he was withdrawing his plea of not guilty and pleading guilty because he was in fact guilty, to which defendant responded in the affirmative. Therefore, we find that the record demonstrates strong evidence of defendant's actual guilt as well as defendant's admission of his commission of the crime of forcible rape.
A review of the record reveals no irregularities in defendant's guilty plea. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. A guilty plea is constitutionally infirm if it is not entered freely and *790 voluntarily, if the Boykin[7] colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. McCoil , 924 So.2d at 1124.
The record shows that defendant was aware he was pleading guilty to forcible rape in violation of La. R.S. 14:42.1. In the waiver of rights form and during the colloquy, defendant was advised of his right to a trial by judge or jury, his right to confrontation, and his privilege against self-incrimination, as required by Boykin . In the waiver of rights form, defendant placed his initials next to a provision indicating that his attorney had advised him of each of these rights and his waiver of those rights. Defendant signed his full name at the bottom of the waiver of rights form. In addition, during the colloquy, defendant verbally confirmed his understanding that he was waiving these rights by entering a guilty plea.
Also during the colloquy, defendant provided that he had a seventh grade level of education. He acknowledged that the act of pleading guilty must be free and voluntary and that no promises or threats were made to encourage him to enter his plea. He indicated that he understood the possible legal consequences of pleading guilty. He also stated that he was satisfied with the way his attorney had handled his case and had no questions for the trial judge. The trial judge also advised defendant that his guilty plea could be used to enhance a subsequent penalty. Defendant was further advised of his right to appellate review of an adverse verdict at trial and the right to the assistance of an attorney.
Further, defendant was correctly informed during the colloquy and in the waiver of rights form that he faced a sentencing range of five to forty years at hard labor for a conviction of forcible rape.[8] The trial judge advised defendant that if he pleaded guilty, he would receive a sentence of twenty years at hard labor, and the waiver of rights form contains that defendant would receive a twenty-year sentence without the benefit of probation, parole, or suspension of sentence. Defendant subsequently received a sentence of twenty years at hard labor without benefits. The waiver of rights form provides that the trial court accepted defendant's plea as having been knowingly, intelligently, freely, and voluntarily made by defendant. This provision is contained directly above the signatures of defense counsel, defendant, and the trial judge, as well as the date of the guilty plea proceeding. Further, during the colloquy, the trial judge implicitly accepted defendant's plea to forcible rape.[9]
*791 Further, it is noted that the colloquy reflects that the trial court implicitly accepted defendant's guilty plea prior to advising defendant of the sex offender registration/notification requirements. La. R.S. 15:543(A) requires the trial court to "provide written notification to any person convicted of a sex offense and a criminal offense against a victim who is a minor of the registration requirements and the notification requirements of this Chapter." Notification must be given on the statutorily required form and "shall be included on any guilty plea forms and judgment and sentence forms provided to the defendant, and an entry shall be made in the court minutes stating that the written notification was provided to such offenders." Id.
Failure to advise a defendant of the requirements of registration and notification is a factor that may undercut the voluntary nature of a guilty plea. State v. Calhoun , 96-786 (La. 5/20/97), 694 So.2d 909. Upon review, this Court is required to consider the "totality of the circumstances" surrounding the plea to determine whether the guilty plea was freely, voluntarily, and knowingly made. State v. Blanchard , 00-1147 (La. 4/20/01), 786 So.2d 701, 704 ; State v. R.A.L. , 10-1475 (La. App. 3 Cir. 6/29/11), 69 So.3d 704, 708.
Here, the record reflects that defendant received notice of the sex offender registration requirements. After the acceptance of defendant's plea for forcible rape and the imposition of all defendant's sentences, the State asserted that in connection with defendant's conviction for forcible rape, the trial court was required to advise defendant of his obligation to register as a sex offender. The State further asserted that it "believe[d] Your Honor prepared a notification to Sex Offender of Registration obligations. Mr. Marenco has reviewed that with his attorney. He's executed that document. I'd ask that Your Honor sign that document as well in open court." The trial court then ordered defendant to notify and register as a sex offender, and the record reflects that the deputy provided defendant with a copy of the registration obligations in open court. The Notification to Sex Offender form contains both defendant and the trial judge's signatures and contains the date of March 25, 2015, the date of the guilty plea proceeding.
Therefore, we find that the record shows that defendant was aware of the notification/registration requirements despite the trial court's failure to advise him of the requirements during the plea colloquy. The State's comments indicate that prior to the entry of his plea, defendant executed the Notification to Sex Offender form and was advised of the notification/registration obligations by his attorney. Finally, defendant does not challenge his plea on the basis of the time he received notice of the sex offender registration requirements. Accordingly, under the totality of the circumstances of this particular case, we find that the trial court's failure to advise defendant of the sex offender registration and notification requirements before the taking of the plea did not affect its voluntariness and does not present an issue for appeal.
Last, defendant's sentence does not present an issue for appeal. His sentence falls within the sentencing range prescribed by statute. See La. R.S. 14:42.1. Furthermore, defendant's sentence was imposed pursuant to, and in conformity with, the plea agreement. La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea.
*792 State v. Moore , 06-875 (La. App. 5 Cir. 4/11/07), 958 So.2d 36, 46 ; State v. Washington , 05-211 (La. App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173.
Because appellate counsel's brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel's assertion, appellate counsel's motion to withdraw as counsel of record for defendant is hereby granted.
ERRORS PATENT REVIEW
The record was reviewed for errors patent, according to La. C.Cr.P. art. 920, State v. Oliveaux , 312 So.2d 337 (La. 1975), and State v. Weiland , 556 So.2d 175 (La. App. 5th Cir. 1990). The following matter requires corrective action.
The sentencing transcript reflects that defendant received a sentence of twenty years at hard labor without the benefit of probation, parole, or suspension of sentence. The statute requires that at least two years of the sentence be imposed without the benefit of probation, parole, or suspension of sentence. See La. R.S. 14:42.1(B). Thus, defendant was sentenced in accordance with the statute. However, neither the minute entry/commitment nor the Uniform Commitment Order reflects the trial court's restriction of the benefit of probation, parole, or suspension of sentence.[10] Accordingly, we remand the matter and order that the minute entry/commitment and the Uniform Commitment Order be corrected to reflect the proper sentence handed down by the court. Further, the Clerk of Court for the 24th Judicial District Court is directed to transmit the original of the corrected commitment and Uniform Commitment Order to the appropriate authorities under La. C.Cr.P. art. 892(B)(2) and the Department of Corrections' legal department. See Long , 106 So.3d at 1142.
CONCLUSION
For the foregoing reasons, defendant's conviction and sentence are affirmed. Appellate counsel's motion to withdraw as counsel for defendant is granted. The matter is remanded for correction of the minute entry/commitment and the Uniform Commitment Order as noted herein.
AFFIRMED; MOTION TO WITHDRAW GRANTED; REMANDED FOR CORRECTION OF COMMITMENT

Prior to the filing of the bill of information, on September 15, 2014, defendant filed an omnibus motion and order for pretrial motions, which only included a motion for a preliminary examination. The preliminary examination was conducted on October 1, 2014; probable cause was found to hold defendant on the subject charge.

During the same proceeding, defendant pled guilty to the crime of cyberstalking in case number 13-5008, the crimes of simple burglary of an inhabited dwelling and possession of a firearm by a convicted felon in case number 14-1370, and the crime of possession of alprazolam in case number 14-5075. Defendant also stipulated to being a second felony offender on count one in case number 14-1370. All of defendant's sentences were ordered to run concurrently with each other.

The trial court recommended defendant to participate in any available drug treatment, self-help programs, work release, and reentry programs.

Here, defendant did not file a motion to reconsider his sentence. Thus, the delay for taking an appeal elapsed thirty days after the rendition of judgment on March 25, 2015. See La. C.Cr.P. art. 914(B)(1). Following the thirty-day delay from March 25, 2015, defendant's conviction and sentence became final. See State v. Counterman , 475 So.2d 336, 338 (La. 1985).
After the time for appealing has elapsed, the conviction and sentence are no longer subject to review under the ordinary appellate process, unless the defendant obtains the reinstatement of his right to appeal. Id. The appropriate procedural vehicle for a defendant to exercise his right to appeal, after the delay provided by Article 914 has expired, is an application for post-conviction relief. Id. , 475 So.2d at 339. La. C.Cr.P. art. 930.8 provides time limitations for filing an application for post-conviction relief, including applications which seek an out-of-time appeal. Such applications shall not be considered if filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922 (finality of judgment on appeal), unless certain exceptions apply. See La. C.Cr.P. art. 930.8(A). Therefore, defendant's Ex Parte Motion for Special Proceeding, postmarked on March 28, 2017, was timely filed within two years after the judgment of conviction and sentence became final.

To observe the principle of protecting victims of sex offenses set forth in La. R.S. 46:1844(W)(3), the victim will be identified by initials only.

Additionally, the record of this matter, which includes the preliminary examination transcript, contains strong evidence of defendant's guilt. At the preliminary examination, Detective David Ray testified that upon his arrival at the scene of a reported rape, he met with the victim who stated that she had been out with defendant, with whom she had been Facebook friends for a couple of months but only had recently met in person. Upon going back to a residence after a night out together, she was locked in the residence and forced by defendant to engage in various sexual acts without her consent. She stated that defendant told her if she did not cooperate, he would injure her and her family, and she believed him. According to the detective, the victim called 9-1-1 and placed the phone under the pillow in hopes that the police could trace the call. They could not, but a 9-1-1 call was logged in. The victim eventually left the residence after defendant fell asleep, whereupon she flagged down help.

Boykin v. Alabama , 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

At the time of the offense, forcible rape was punishable by imprisonment at hard labor for not less than five years nor more than forty years, with at least two years of the sentence to be imposed without the benefit of probation, parole, or suspension of sentence. See La. R.S. 14:42.1(B).

The trial judge never explicitly stated during the colloquy that defendant's guilty plea to forcible rape was accepted as freely and voluntarily made. However, the colloquy reflects that the trial court questioned defendant as to whether he understood all the possible legal consequences of pleading guilty and whether his rights had been fully explained to him. The trial court additionally asked defendant whether he had any further questions. Defendant acknowledged his understanding of the legal consequences and of his rights. He additionally denied having any questions. Following this exchange, defense counsel indicated that defendant "would like his plea, in this particular case, to be taken pursuit to Alford ." The trial court then stated: "All right. You waive all legal delays?" Therefore, we find that a review of the colloquy reflects an implicit acceptance of defendant's plea by the trial court.

According to State v. Lynch , 441 So.2d 732, 734 (La. 1983), if "there is a discrepancy between the minutes and the transcript, the transcript must prevail." This Court has previously remanded a case for correction of the commitment and the Uniform Commitment Order in its errors patent review. See State v. Long , 12-184 (La. App. 5 Cir. 12/11/12), 106 So.3d 1136, 1142.