WINDHORST, J.
Defendant appeals his conviction and sentence for failing to maintain his registration as a sex offender. For the reasons that follow, we affirm defendant's conviction and sentence and remand with instructions. We also grant appellate counsel's motion to withdraw as attorney of record.
FACTS AND PROCEDURAL HISTORY
The Jefferson Parish District Attorney filed a bill of information charging defendant, Benjamin J. Carter, Jr., with failing to maintain his registration as a sex offender in violation of La. R.S. 15:542.1.4. Defendant pled not guilty at his arraignment. On June 27, 2018, defendant withdrew his plea of not guilty, and after being *833 advised of his Boykin [1] rights, pleaded guilty as charged.
On July 9, 2018, the trial court sentenced defendant to five years imprisonment at hard labor to be served without benefit of parole, probation, or suspension of sentence, and imposed a $ 3,000 fine.[2] Defendant filed a motion for appeal on July 11, 2018, and it was granted the following day.
Because defendant's conviction resulted from a guilty plea, the facts underlying the crime of conviction were not fully developed in the record. According to the superseding bill of information, on or about July 22, 2017, in Jefferson Parish, defendant violated La. R.S. 15:542.1.4 by failing to appear for his annual registration appointment with the Jefferson Parish Sheriff's Office, which was related to previous convictions for indecent behavior with a juvenile and failure to update registration as a sex offender.[3]
The State provided a factual basis in this matter, after the trial court accepted defendant's guilty plea:
With regard to our bill in 17-5951, as superseded; had this matter proceeded to trial, our evidence int [sic ] his case would have proven that Benjamin J. Carter, Jr., late of Jefferson Parish, on or about the 22nd day of July in the year 2017, violated Louisiana Revised Statute 15:542.1.4, in that he, having been previously convicted of the crime of Indecent Behavior with a Juvenile in case number 00-6450 on the docket of Division M, in the Twenty-Fourth Judicial District Court, Parish of Jefferson. And in consequence thereof, having an obligation to register as a sex offender, did fail to maintain his registration as a convicted sex offender, in that he did fail to appear for his annual registration appointment with the Jefferson Parish Sheriff's Office. Having also previously been convicted of the crime of Failure to Update Registration as a Sex Offender on April 27, 2010, under case number 09-4805, the docket of Division A, in the Twenty-Fourth Judicial District Court, Parish of Jefferson. And further, of Failure to Register as a Sex Offender on May 10, 2013, under case number 13-1139, of the docket of Division K, of the Twenty-Fourth Judicial District Court, Parish of Jefferson.
His failure in this case occurred in Jefferson Parish, which is within this Court's jurisdiction.
LAW AND DISCUSSION
Pursuant to the procedure adopted by this Court in *834 State v. Bradford, 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[4] appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam ), appointed counsel requests permission to withdraw as counsel of record.
In Anders, supra, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds her case to be wholly frivolous after a conscientious examination of it. The request must be accompanied by "a brief referring to anything in the record that might arguably support the appeal" so as to provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability" and to assist the reviewing court "in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
In Jyles, 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." Id.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. Bradford, 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Id.
In the present case, defendant's appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Counsel does address the denial of the motion to quash the bill of information but recognizes that defendant is precluded from seeking review of this ruling on appeal. She contends that defendant entered an unqualified guilty plea, waiving any pre-plea non-jurisdictional defects. Appellate counsel further states that the trial judge explained each right necessary to ensure a knowing and intelligent waiver of rights. Counsel concludes that there does not appear to be any basis in the record to support a claim that the plea is constitutionally infirm. Counsel further acknowledges that defendant was informed as to the sentence that would be imposed and that his sentence is in conformity with the *835 plea agreement. The State agrees with appellate counsel that this case presents no non-frivolous issues for appellate review.
Appellate counsel has filed a motion to withdraw as attorney of record, stating that she has made a conscientious and thorough review of the trial court record and can find no non-frivolous issues to raise on appeal and no rulings of the trial court that would arguably support the appeal. She further indicates that she has notified defendant of the filing of this motion and has advised him of his right to file a pro se brief in this appeal. Additionally, this Court sent defendant a letter by certified mail informing him that an Anders brief had been filed and that he had until November 10, 2018, to file a pro se supplemental brief. Defendant did not file a pro se brief in this matter.
An independent review of the record supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal.
The record reflects that defendant appeared at each stage of the proceedings against him, including his guilty plea proceeding and his sentencing. Thus, defendant's presence does not present any issues that would support an appeal. In addition, the bill of information properly charged defendant, plainly and concisely stated the essential facts constituting the charged offense, and sufficiently identified defendant and the crime charged. See La. C.Cr.P. arts. 464 and 466.
No rulings were preserved for appeal under the holding in State v. Crosby, 338 So.2d 584 (La. 1976). As noted by appellate counsel, defendant filed a motion to quash the bill of information, which was denied by the trial court. Defendant entered an unqualified guilty plea and thus waived any pre-plea non-jurisdictional defects, including the ruling on his motion to quash. See State v. Billiot, 17-197 (La. App. 5 Cir. 11/15/17), 232 So.3d 702, 707, writ denied, 17-2144 (La. 9/14/18), 252 So.3d 478. Further, because defendant pled guilty in this matter, he waived all non-jurisdictional defects. State v. Wingerter, 05-697 (La. App. 5 Cir. 3/14/06), 926 So.2d 662, 664.
Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. State v. McCoil, 05-658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124.
We find that the record indicates that defendant was aware he was pleading guilty to the offense of failure to maintain registration as a sex offender in violation of La. R.S. 15:542.1.4, which occurred on July 22, 2017. A review of the record reveals no irregularities in defendant's guilty plea that would render it invalid. The colloquy in this case began with defendant acknowledging that he had the opportunity to speak with his counsel in reference to his plea that morning and that he was able to read and understand the Boykin form. He then acknowledged that they were his initials and signature on the form. The colloquy reflects that defendant had a twelfth-grade education and was able to read, write, and understand English. Defendant also agreed that he understood the nature of the crime for which he was pleading and denied being under the influence of alcohol or drugs at the time or that he had a mental or physical impairment that was affecting his ability to plead guilty.
*836 Defendant was also properly advised of his Boykin rights prior to pleading guilty. During the colloquy, the trial judge advised defendant of his right to a trial by jury, his right to confront his accuser and cross-examine witnesses, and his right to remain silent and not be compelled to incriminate himself. Defendant indicated during the colloquy that he understood these rights and that by entering a guilty plea he was waiving these rights. In the waiver of rights form, defendant also indicated he understood the rights he was waiving by pleading guilty.
During the colloquy and by means of the waiver of rights form, defendant acknowledged that his attorney explained the Habitual Offender Law to him as well. He agreed that no promises or threats had been made to encourage his guilty plea. He also indicated that he was satisfied with the manner in which his attorney handled his case.
During the colloquy, defendant was advised of the maximum sentence he faced pursuant to La. R.S. 15:542.1.4. He was informed that he could receive a twenty-year sentence at hard labor without benefit of parole, probation, or suspension of sentence "[a]nd/or a fine of $ 3,000, or both[.]" Defendant indicated that he understood his potential sentencing. Defendant was also advised of the sentence that would be imposed - five years to be served at hard labor without benefit of parole, probation, or suspension of sentence and a $ 3,000 fine. Defendant agreed that he understood all of the possible legal consequences of pleading guilty and indicated that he wished to plead guilty at that time.
Considering the above, defendant's sentence does not present an issue for appeal. His sentence falls within the sentencing range prescribed by the statute. See La. R.S. 15:542.1.4(A)(2). Further, defendant's sentence was imposed pursuant to, and in conformity with, the plea agreement. La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of his sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. State v. Moore, 06-875 (La. App. 5 Cir. 4/11/07), 958 So.2d 36, 46 ; State v. Washington, 05-211 (La. App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173.
Because appellate counsel's brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel's assertion, we grant appellate counsel's motion to withdraw as attorney of record.
ERRORS PATENT DISCUSSION
The record was reviewed for errors patent in accordance with La. C.Cr.P. art. 920 ; State v. Oliveaux, 312 So.2d 337 (La. 1975) ; and State v. Weiland, 556 So.2d 175 (La. App. 5th Cir. 1990). We note that the State of Louisiana Uniform Commitment Order ("UCO") does not include the trial court's recommendation that defendant be allowed to participate in any self-help programs that may be available to him. Where there is a conflict between the transcript and the minute entry, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La. 1983). Accordingly, we remand the case for correction of the UCO to reflect the court's recommendation for any self-help programs available to defendant, and direct the Clerk of Court to transmit the corrected UCO to the officer in charge of the institution to which defendant has been sentenced as well as to the legal department of the Louisiana Department of Public Safety and Corrections. See, State v. Vance, 17-72 (La. App. 5 Cir. 8/30/17), 225 So.3d 1192, 1196.
*837 DECREE
Accordingly, for the reasons provided herein, defendant's conviction and sentence are affirmed, the matter is remanded for a correction to the uniform commitment order, and appellate counsel's motion to withdraw as attorney of record is hereby granted.
CONVICTION AND SENTENCE AFFIRMED; REMANDED WITH INSTRUCTIONS; MOTION TO WITHDRAW GRANTED

Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969).

The court also recommended any self-help programs available to defendant.

The bill of information states that defendant:
violated La. R.S. 15:542.1.4 in that he, having been previously convicted of the crime of Indecent Behavior with a Juvenile in case number 00-6450, of the docket of Division "M," in the Twenty-Fourth Judicial District Court, Parish of Jefferson, and, in consequence thereof, having an obligation to register as a sex offender, did fail to maintain his registration as a convicted sex offender, in that he did fail to appear for his annual registration appointment with the Jefferson Parish Sheriff's Office - having also previously been convicted of the crime of Failure to Update Registration as a Sex Offender on April 27, 2010, under case number 09-4805, of the docket of Division "A", in the Twenty-Fourth Judicial District Court, Parish of Jefferson, and also of Failure to Register as a Sex Offender on May 10, 2013, under case number 13-1139, of the docket of Division "K", in the Twenty-Fourth Judicial District Court, Parish of Jefferson[.]

In Bradford, supra , this Court adopted the procedures outlined in State v. Benjamin, 573 So.2d 528, 530 (La. App. 4 Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam ).