| | |
|---|---|
| BEN E. MARENCO | NO. 24-KH-579 |
| VERSUS | FIFTH CIRCUIT |
| STATE OF LOUISIANA | COURT OF APPEAL |
| | STATE OF LOUISIANA |

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

February 14, 2025

Linda Wiseman
First Deputy Clerk

**IN RE** BEN E. MARENCO

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE E. ADRIAN ADAMS, DIVISION "G", NUMBER 14-5074

Panel composed of Judges Fredericka Homberg Wicker, John J. Molaison, Jr., and Scott U. Schlegel

**WRIT DENIED**

This matter is before us on an Application for Supervisory Writ (the "Application") filed herein by Ben E. Marenco, wherein he requests that we reverse the district court's ruling denying Mr. Marenco's Motion to Set Aside Guilty Plea Pursuant to La. C.Cr.P. 926.2 and La. C.Cr.P. 559 (the "Motion"). This is the second time Mr. Marenco has come before this Court challenging his plea of guilty to the charge of forcible rape (La. R.S. 14:42.1), entered under *United States v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed. 2d 162 (1970)[1] on March 25, 2015.[2] On June 17, 2017, more than two years after his guilty plea and sentence, Mr. Marenco filed an

---

[1] An *Alford* plea is one in which the defendant pleads guilty while maintaining his innocence because he believes it to be in his best interest. See *State v. McCoil,* 05-658 (La. App, 5 Cir. 2/27/00), 924 So.2d 1120, 1122-23.
[2] Mr., Marenco was sentenced to 20 years at hard labor without benefits of parole, probation or suspension of sentence on his conviction on the forcible rape charge. He had not challenged this sentence in the instant writ application.

Ex Parte Motion for Special Proceeding, asking the district court to reinstate his appeal rights and was granted an out of time appeal.

On direct appeal, Mr. Marenco appealed only his conviction and sentence resulting from his guilty plea to the charge of forcible rape under *Alford*, although he had also entered guilty pleas at the same time to charges of cyberstalking (La. R.S. 14:40.3), simple burglary of an inhabited dwelling (La. R.S. 14:62.2), and being a convicted felon in possession of a firearm (La. R.S. 14:95.1). Appellate counsel was appointed to represent him and filed a brief under *State v. Bradford,* 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d1108, 1110-11, asserting that counsel had thoroughly reviewed the record and found no non-frivolous issues for appeal. See *State v. Marenco,* 17-418, p.1 (La. App. 5 Cir. 12/27/17), 236 So.3d 784, 786. This Court, after careful review of the record agreed with Mr. Marenco's appellate counsel and affirmed his conviction and sentence for forcible rape. 17-418, p. 11, 236 So.2d at 792.[3] Mr. Marenco did not seek further appellate review.

On June 17, 2024, Mr. Marenco filed the Motion in the district court, contending therein that: (1) his guilty plea to the charge of forcible rape was involuntary because his counsel did not inform the district court that his plea was being entered under *Alford,* prior to his admission of guilt; and (2) that the State had failed to provide a sufficient factual basis for his plea. Finding the Motion, in substance, to be an untimely application for post-conviction relief, the district court denied the Motion by Order entered September 20, 2024. The district court further noted that Mr. Marenco's guilty plea had been made pursuant to *Alford,* as reflected in the minute entry/hard labor commitment and in the opinion of this Court on Mr. Marenco's direct appeal.

---

[3] We also granted appellate counsel's request to withdraw pursuant to *State v. Jyles,* 96-2669 (La. 12/12/97), 704 So.2d 241 (*per curiam*) and remanded the matter for the correction of an error patent in the minute entry/commitment and the Uniform Commitment Order. *Id.*

2

Mr. Marenco has not attached any notice of intent to seek supervisory writs and documentation of a return date to his Application, as required by Uniform Rules – Courts of Appeal, Rule 4-3 and 4-5(C)(11). Under Rule 4-3, any application for writs that does not contain documentation of the return date and any extension thereof may not be considered by the Court of Appeal.[4]

Nevertheless, after reviewing Mr. Marenco's Application we find, as did the district court, that the Motion, in substance, was an untimely application for post-conviction relief. Under La. C.Cr.P. art. 930(A), an application for post-conviction relief must be filed within two years after the defendant's conviction and sentence become final. Mr. Marenco's conviction and sentence became final in January, 2018, after he failed to seek further appellate relief following this Court's judgment on his direct appeal, rendered December 27, 2017.

Mr. Marenco contends that he is entitled to pursue his claims under La. C.Cr.P. art. 930.8(A)(1) based on newly discovered facts, *i.e.,* that he was unaware that he had "inadvertently" admitted guilt to charge as to which he intended to maintain his innocence until he was so informed by Inmate Counsel Substitute after his incarceration. Mr. Marenco's reliance on Article 930.8(A) may be construed as an admission on his part that the Motion is an application for post-conviction relief.[5] Mr. Marenco's is not entitled to submit an out-of-time application for post-conviction relief under Article 930.8(A)(1) on the stated grounds, which were considered and rejected in Mr. Marenco's direct appeal to this Court, wherein this Court has found that: (1) Mr. Marenco's guilty plea to the charge of forcible rape was made and accepted pursuant to *Alford;* (2) was entered into voluntarily and

---

[4] See *State v. Niolais,* 24-408 (La. App. 5th Cir. 9/5/24), 2024 WL 4063885 (writ considered by this Court despite failure of applicant to attach notice of intent and return date, as well as other pleadings required under Rule 4-5(C)).

[5] In his Conclusion, Mr. Marenco admits that the district court "correctly stated that no relief may be considered if it is filed more than two years after the judgment of conviction and sentence has become final unless one of four very restricted exceptions apply in which the Defendant respectfully stresses is the case in this matter pursuant to La. C.Cr.P. art. 930.8(A)(1)."

intelligently, (3) the factual basis provided by the State to the district court was sufficient; and (4) his sentence was within the range provided by La. R.S. 14:42.1. *Marenco,* 17-418, pp. 7-10; 236 So.3d at 788-792.

Even if Mr. Marenco could claim newly discovered facts that would entitle him to an out-of-time application for post-conviction relief, Article 930.8(A)(1) provides, in pertinent part:

> If the petitioner pled guilty or nolo contendere to the offense of conviction and is seeking relief pursuant to Article 926.2 and five years or more have elapsed since the petitioner pled guilty or nolo contendere to the offense of conviction, the petitioner **shall not be eligible for the exception provided for by this Subparagraph**. (Emphasis added).

Mr. Marenco pled guilty under *Alford* to the charge of forcible rape on March 25, 2015, more than five years before he filed the Motion and, under the quoted provision, is not entitled to seek post-conviction relief at this juncture. Accordingly, for all of these reasons the Application is denied.

Gretna, Louisiana, this 14th day of February, 2025.

**FHW**
**JJM**
**SUS**

4

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY **02/14/2025** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**24-KH-579**

CURTIS B. PURSELL
CLERK OF COURT

### E-NOTIFIED
24th Judicial District Court (Clerk)
Honorable E. Adrian Adams (DISTRICT JUDGE)
Thomas J. Butler (Respondent)

### MAILED
Ben E. Marenco #1000406650 (Relator)
Rayburn Correctional Center
27268 Highway 21
Angie, LA 70426