WICKER, J.
Defendant, Lawrence Chirlow, appeals his conviction for possession of cocaine in violation of La. R.S. 40:967(C). Appointed counsel for Defendant filed an appellate brief pursuant to Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and State v. Jyles , 96-2669 (La. 12/12/97), 704 So.2d 241, 242 (per curiam), seeking to withdraw as counsel of record asserting that after thoroughly reviewing *607 the district court record, she could find no non-frivolous issues to raise on appeal. For the following reasons, we grant appellate counsel's request to withdraw as counsel of record, affirm Defendant's conviction and sentence, and remand this case to the district court for correction of an error patent. We further order that a copy of this opinion be delivered to the Clerk of Court for the Twenty-Fourth Judicial District Court for the Parish of Jefferson.
PROCEDURAL HISTORY
The Jefferson Parish District Attorney filed a bill of information on July 24, 2015, charging Defendant with possession of cocaine in violation of La. R.S. 40:967(C).
During Defendant's July 27, 2015 arraignment, he entered a plea of not guilty. On September 10, 2015, defense counsel filed a Motion to Appoint a Sanity Commission to Determine Defendant's Competency to Stand Trial. Subsequently, on May 4, 2016, a competency hearing was held where attorneys for the parties jointly requested that the forensic psychiatrist and forensic psychologist who initially evaluated Defendant be allowed to re-assess his mental capacity.[1] On July 20, 2016, the district court found Defendant competent to stand trial.[2] On that date, Defendant withdrew his not guilty plea and entered a plea of guilty. The district court sentenced Defendant, in accordance with the plea agreement, to five years hard labor with the provision that he not be multi-billed.[3] The district court ordered that Defendant's sentence run concurrently with case 15-3900 and "any and all other time imposed" and that he receive credit for time served. Finally, the district court recommended Defendant be afforded self-help or substance abuse programs available through the Department of Corrections, and ordered Defendant to pay $1,417.50 in accordance with the court's schedule of fines, fees, sentencing provisions, and probation requirements.
On February 26, 2018, Defendant filed an application for post-conviction relief in the district court. His application was dismissed without prejudice on March 2, 2018.[4] Defendant filed a writ with this Court on April 4, 2018, seeking a review of the district court's denial and was granted leave to seek an out-of-time appeal on May 22, 2018.[5] On June 8, 2018, the Louisiana Appellate Project was appointed as defense counsel. Defense counsel has filed an Anders brief requesting an errors patent *608 review and a motion to withdraw as Defendant's counsel of record.
FACTS
On July 20, 2016, Defendant pled guilty to possession of cocaine in violation of La. R.S. 40:967(C) without proceeding to trial. As a result of Defendant's guilty plea, the underlying facts regarding the crime of conviction were not fully developed in the record. However, at the time of Defendant's guilty plea and sentence, the State alleged that it could prove beyond a reasonable doubt that on or about June 26, 2015, Defendant did knowingly or intentionally possess cocaine in violation of La. R.S. 40:967(C).
ANDERS BRIEF
Defendant's appointed appellate counsel filed a brief pursuant to Anders v. California , supra , and State v. Jyles , supra , asserting that she has thoroughly reviewed the trial court record and could find no non-frivolous issues to raise on appeal. Accordingly, appointed counsel seeks to withdraw as counsel of record.
In Anders , supra , the United States Supreme Court held that appointed counsel may seek to withdraw from representation if counsel finds the appeal to be wholly frivolous after a conscientious examination of the record. In State v. Smith , infra , this Court held that the request must be accompanied by "a brief referring to anything in the record that might arguably support the appeal" so as to provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability" and to assist the reviewing court "in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." 18-142, 253 So.3d 1314, 2018 WL 4100782, at *2, 2018 La. App. LEXIS 1647, at *5 (La. App. 5 Cir. 8/29/18) ; citing McCoy v. Court of Appeals of Wisconsin , Dist. 1 , 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
In Jyles , supra , the Louisiana Supreme Court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." Id. at 241. The court further held that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. Id.
To comply with Anders , an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. State v. Bradford , 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110. Therefore, an appellate court reviews several items when counsel files an Anders brief: a) the Bill of Information to ensure the charge is proper, b) all minute entries to ensure that defendant was present at all crucial stages of the prosecution, c) all pleadings in the record, and d) all transcripts to determine whether any ruling of the trial court provides a basis for appeal. State v. Dufrene , 07-823 (La. App. 5 Cir. 2/19/08), 980 So.2d 31, 33. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, the Court may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. However, if the Court finds a legal point arguable on the merits, it may either deny the motion and order the court-appointed counsel to file a brief arguing the legal point(s) identified by the *609 Court, or grant the motion and appoint substitute appellate counsel. Id.
ANALYSIS
Defendant's appellate counsel indicates that she has prepared an appellate brief in accordance with Anders , supra , and Jyles , supra , and after a conscientious and thorough review of the record, she could find no non-frivolous issues to raise on appeal nor could she find a ruling of the district court which arguably supports an appeal. The State agrees with appellate counsel, and in its brief urges this Court to grant appointed counsel's motion to withdraw as counsel of record. On July 6, 2018, this Court notified Defendant via certified mail that an Anders brief had been filed on his behalf and that he had until August 5, 2018 to file a pro se supplemental brief. As of the date of this case's submission for decision, Defendant had not filed a brief with this Court.
This Court's independent review of the record confirms appointed counsel's assertion that there are no non-frivolous issues to raise on appeal. First, the bill of information properly charged Defendant and clearly, concisely, and definitely stated the essential facts constituting the offense charged and sufficiently identified Defendant and the crime charged. See La. C.Cr.P. arts. 463 - 466. The bill charged Defendant, Lawrence Chirlow, with one count of possession of a controlled dangerous substance, cocaine, in violation of La. R.S. 14:967(C). Second, the minute entries in the record reflect that Defendant, and his counsel, appeared at each stage of the prosecution against him, including his arraignment, guilty plea proceeding, and sentencing. Therefore, his presence does not present any issues supporting an appeal. See Benjamin , 573 So.2d 528, 530 (La. App. 4th Cir. 1990).
Third, Defendant entered a guilty plea to the charge filed against him. If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and review of such defects either by appeal or post-conviction relief is precluded. State v. Wingerter , 05-697 (La. App. 5 Cir. 3/14/06), 926 So.2d 662, 664 ; State v. Turner , 09-1079 (La. App. 5 Cir. 7/27/10), 47 So.3d 455, 459. Only guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. McCoil , 05-658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin colloquy is inadequate or when the defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. Id. In that case, the defendant has been denied due process of law in that the plea was not given freely and knowingly. State v. Goff , 13-866 (La. App. 5 Cir. 4/9/14), 140 So.3d 146, 150-51.
Here, Defendant entered a guilty plea essentially waiving all non-jurisdictional defects. No rulings were preserved for appeal under the holding in State v. Crosby , 338 So.2d 584 (La. 1976). Also, prior to Defendant's guilty plea, the district court found him competent to stand trial. Defendant's guilty plea waived his right to challenge his competency on appeal. See State v. Lyons , 13-180 (La. App. 5 Cir. 10/9/13), 128 So.3d 407, 415 ; State v. Marenco , 17-418 (La App. 5 Cir. 12/27/17), 236 So.3d 784, 789.
A review of the record in the present case reflects that Defendant was aware he was pleading guilty to the crime of possession of cocaine. During the July 20, 2016 plea colloquy with the district judge, Defendant was advised of his right to trial by judge or jury, his right to confrontation, *610 and the privilege against self-incrimination as required under Boykin v. Alabama , 395 U.S. 238, 89 S.Ct.1709, 23 L.Ed.2d 274 (1969). Defendant verbally indicated to the district court his understanding that by pleading guilty he was waiving the aforementioned rights and provided his initials and signature on the Acknowledgment of Constitutional Rights and Waiver of Rights on Entry of a Plea of Guilty- Felony Boykin form as further evidence of his understanding that he was waiving said rights by pleading guilty.
During Defendant's plea colloquy, he implied that he felt in some way forced to plead guilty, at which point defense counsel requested to speak with Defendant. After consulting Defendant, defense counsel clarified Defendant's statement and informed the court that Defendant was referring to his feeling that his drug addiction was controlling his actions, not that a specific individual was forcing him to enter a guilty plea. Defendant attested that this is what he meant by his statement. Based on his attestation, the district court found that Defendant had not been forced or coerced into entering into a guilty plea.
Despite informing Defendant that a guilty plea would allow the court to impose the maximum sentence allowable under La. R.S. 40:967(C), the district court failed to state the sentencing range or maximum fine imposable under the law during the colloquy. However, this information was contained on the Defendant's Acknowledgment of Constitutional Rights and Waiver of Rights on Entry of A Plea of Guilty - Felony Boykin form, and the district court informed Defendant of the actual sentence that would be rendered if the court accepted his plea.[6] Defendant was also informed that his guilty plea could be used to enhance a penalty for any future conviction under the Habitual Offender Law.
After a thorough colloquy with Defendant, the district court accepted Defendant's guilty plea as knowingly and voluntarily made. Louisiana Code of Criminal Procedure Article 881.2 sets forth the procedure for the review of criminal sentences. Subsection (A)(2) of the aforementioned article provides: "[t]he defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." State v. Augustine , 14-747 (La. App. 5 Cir. 5/14/15), 170 So.3d 1123 ; State v. Washington , 05-211 (La. App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. In this case, Defendant's sentence was imposed in conformity with the terms of a plea agreement, and Defendant's sentence falls within the sentencing range set forth in La. R.S. 40:967(C).
Upon a review of the record, we find no non-frivolous issues for appeal. Defendant's appointed counsel has adequately shown review and analysis of the record in this case. Our independent review of the record confirms counsel's assertions set *611 forth in her Anders brief. Accordingly, counsel's request to withdraw as counsel of record is granted.
ERRORS PATENT
Defendant requests an errors patent review of his conviction and sentence. This Court routinely reviews an appellate record for errors patent in accordance with La. C.Cr.P. art. 920 ; State v. Oliveaux , 312 So.2d 337 (La. 1975) ; and State v. Weiland , 556 So.2d 175 (La. App. 5 Cir. 1990), regardless of whether a defendant requests an errors patent review. Upon review, the following error patent requires corrective action.
A discrepancy exists between the minute entry, the State of Louisiana Uniformed Commitment Order (U.C.O.), and the transcript. When there is a discrepancy between the minute entry and the transcript, the transcript generally prevails. State v. Lynch , 441 So.2d 732, 734 (La. 1983). In the transcript of the proceedings, the district court ordered that Defendant's sentence "run concurrently with any and all other time imposed, including case 15-3900." However, the minute entry and U.C.O. reflect that Defendant's sentence is to run concurrently with case number 15-3900 and "any and all other sentences Defendant may be currently serving." Thus, the transcript provides ambiguity regarding the consecutive nature of Defendant's sentence, in that the term "imposed" in the transcript may be interpreted in a manner broader than what the district court intended. Specifically, the use of "imposed" may be construed to mean Defendant's sentence is to run concurrent with the other sentences given during that specific proceeding or it may provide an interpretation similar to that of the minute entry and U.C.O. in allowing Defendant's sentence to run concurrent with the sentences Defendant is currently serving . Therefore, we remand the matter to the 24th Judicial District Court and order the trial court to clarify the Defendant's commitment as to the concurrent nature of the sentences, and the specific case numbers to which they apply, and to amend the minute entry accordingly.
DECREE
Defendant's conviction and sentence are affirmed and appellate counsel's motion to withdraw as attorney of record is hereby granted. We remand this matter to the trial court for correction of an error patent in accordance with this opinion.
CONVICTION AND SENTENCE AFFIRMED; MATTER REMANDED WITH INSTRUCTIONS; MOTION TO WITHDRAW GRANTED

During the May 4, 2016, competency hearing, Dr. Richoux, a forensic psychiatrist, was questioned about the results of his and Dr. Rafael Salcedo's competency evaluation of Defendant on October 21, 2015. Dr. Richoux noted that although Defendant mentioned some issues with substance abuse, neither Dr. Richoux nor Dr. Salcedo found any active symptoms which would prevent Defendant from assisting his counsel or understanding the proceedings. However, Dr. Richoux noted that his examination of Defendant was, at that time, six months old and had no bearing on Defendant's current mental status or competency.

The parties stipulated that the examining psychiatrist and psychologist were experts, would testify that they examined Defendant to determine whether or not he was competent to proceed to trial, and that their recommendation to the court was that Defendant be found competent to proceed.

La. R.S. 15:529.1, Habitual Offender Law, permits the enhanced sentence for offenders with previous convictions.

The district court cited prematurity and Defendant's ability to seek an out-of-time appeal under La. C.Cr.P. art 930.8(A) as the basis for dismissing his application for post-conviction relief.

On May 16, 2018, this Court granted Defendant's writ for the limited purpose of remanding the matter to the trial court with instruction to consider Defendant's APCR as a request for an out-of-time appeal.

La. C.Cr.P. art. 556.1(A)(1) provides that a court must, prior to accepting a plea of guilty or nolo contendere, inform the defendant of "the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law." However, subsection "E" states "any variance from the procedures required by this Article which does not affect substantial rights of the accused shall not invalidate the plea." Thus, the district court's failure to inform Defendant of the sentencing range did not invalidate his guilty plea since Defendant was informed of his actual sentence should he plead guilty. This court has held that an advisement of the agreed upon sentence is sufficient for compliance with La. C.Cr.P. art. 556.1. State v. Faggard , 15-585 (La. App. 5 Cir. 1/13/16), 184 So.3d 837, 847, writ denied , 16-338 (La. 2/10/17), 215 So.3d 701 ; State v. Craig , 10-854 (La. App. 5 Cir. 5/24/11), 66 So.3d 60, 64.