STATE OF LOUISIANA

VERSUS

TERRENCE BLUNT

NO. 20-KA-171

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 15-5586, DIVISION "G"
HONORABLE E. ADRIAN ADAMS, JUDGE PRESIDING

November 18, 2020

**JUDE G. GRAVOIS**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Robert A. Chaisson, and Hans J. Liljeberg

**AFFIRMED; REMANDED WITH INSTRUCTIONS; MOTION TO**
**WITHDRAW GRANTED**

    **JGG**

    **RAC**

    **HJL**

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
     Honorable Paul D. Connick, Jr.
     Thomas J. Butler
     Darren A. Allemand
     Matthew R. Clauss

COUNSEL FOR DEFENDANT/APPELLANT,
TERRENCE BLUNT
     Holli A. Herrle-Castillo

**GRAVOIS, J.**

Defendant, Terrence Blunt, appeals his convictions, by way of guilty plea, of two counts of sexual battery upon a known juvenile under the age of thirteen. Defendant's appointed counsel has filed an appellate brief pursuant to *Anders v. California*,[1] stating that a thorough review of the appellate record failed to reveal any non-frivolous issues for appeal. Appointed counsel has further filed a motion to withdraw as counsel of record for defendant. The State filed an appellate brief concurring in appointed counsel's evaluation of the record. For the following reasons, we affirm defendant's convictions and sentences, grant appointed counsel's motion to withdraw as counsel of record for defendant, and remand the matter to the trial court with instructions for the trial judge to correct the sentencing minute entry and the Louisiana Uniform Commitment Order to conform to the transcript.

## PROCEDURAL HISTORY

On September 18, 2015, defendant, Terrence Blunt, was charged by bill of information with two counts of sexual battery upon a known juvenile in which the juveniles were under the age of thirteen (count one DOB: 7/16/2008, and count two DOB: 4/2/2013) in violation of La. R.S. 14:43.1. Defendant pled not guilty at his arraignment on September 21, 2015. Defendant filed omnibus motions on October 14, 2015.

On February 4, 2016, defense counsel filed a "Motion to Appoint Sanity Commission to Determine Competency to Stand Trial and NGRI[2]," for the purpose of determining whether defendant was competent to stand trial. On May 15, 2016, the trial court found defendant incompetent to proceed. On May 18, 2016, the trial court ordered that defendant be committed. On January 11, 2017, the State and

---

[1] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[2] "NGRI" stands for "Not Guilty by Reason of Insanity."

defendant jointly stipulated that defendant was competent. On April 14, 2017,

defense counsel filed a "Motion to Appoint Sanity Commission to Examine

Defendant Regarding NGRI," for the purpose of determining whether defendant

was incompetent at the time of the commission of the offenses. The trial court

granted the motion on April 17, 2017, and ordered that the physicians provide a

report on May 17, 2017.

On May 31, 2017, defendant changed his plea to not guilty and not guilty by

reason of insanity. Later, on October 5, 2017, defendant pled guilty as charged to

both counts pursuant to a plea agreement. Defendant was thereupon sentenced to

twenty-five years imprisonment at hard labor without the benefit of probation,

parole, or suspension of sentence on each count.[3] After sentencing defendant in

district court case number 17-3302, the trial judge stated, "[a]ll sentences are to run

concurrent with each other."[4] Defendant was also ordered to register as a sex

offender for the duration of his life.[5]

On March 28, 2019,[6] defendant filed a *pro se* Application for Post

Conviction Relief ("APCR") seeking an out-of-time appeal as to this case and

district court case number 17-3302.[7] Ultimately, after the State responded to the

application, the trial court denied defendant's APCR on August 16, 2019.

Defendant thereupon filed a writ application in this Court, seeking review of the

denial of his APCR. On October 28, 2019, this Court granted defendant's writ

application, vacated the trial court's August 16, 2019 Order denying his request for

---

[3] *See* Errors Patent discussion, *infra*.

[4] Defendant pled guilty and was sentenced that same day in district court case number 17-3302 to obscenity in violation of La. R.S. 14:106. He was sentenced to six months in the parish prison, to run concurrently with his sentences in this case. The conviction and sentence in district court case number 17-3302 are not part of this appeal.

[5] The trial court also recommended that defendant be allowed to participate in any self-help programs while incarcerated. Defendant was also ordered to pay a $45 public defender fee.

[6] It is noted that the application is dated January 29, 2019, but was filed on March 28, 2019.

[7] On April 24, 2019, the trial court denied the application as to case number 17-3302, finding that defendant was procedurally barred from appealing as he was no longer in custody for that offense.

an out-of-time appeal, and ordered the trial court to hold a hearing to determine whether defendant was entitled to an out-of-time appeal. The Louisiana Supreme Court denied a writ application on January 14, 2020.[8] On January 17, 2020, defendant filed a *pro se* motion to set a hearing date and appoint counsel.

On January 29, 2020, the State filed a supplemental response to defendant's APCR. The State argued that any pretrial issues related to defendant's sanity at the time of the commission of his offenses had no effect on the continuation of the proceedings or the validity of his guilty plea. On January 30, 2020, a hearing on the issue was held, and the State withdrew its objection to granting defendant an out-of-time appeal. The State also noted that defendant was found competent and "then separately filed sanity." The State asserted that the sanity issue was pending at the time of defendant's plea and that sanity is "not an impediment to a guilty plea."[9] That same day, the trial court granted defendant an out-of-time appeal.

Defendant's appointed counsel has now filed an appellate brief pursuant to *Anders v. California* and has further filed a motion to withdraw as counsel of record for defendant.

## FACTS

Because defendant's convictions were the result of guilty pleas, the facts underlying the crimes of conviction are not fully developed in the record.

---

[8] This Court's Case Management System reflects that the State filed a writ application in case number 19-KH-460 with the Louisiana Supreme Court on November 7, 2019.

[9] The record does not indicate that the trial court addressed defendant's sanity at the time of the offense. However, the trial court was not required to make a determination as to defendant's sanity at the time of the offense. In *State v. Daniels*, 09-1661 (La. App. 4 Cir. 1/20/10), 2010 WL 8971104, *writ denied*, 10-284 (La. 2/4/11), 56 So.3d 987, the defendant asserted, in part, that the trial court should not have accepted his guilty plea because a second lunacy proceeding was not concluded. The Fourth Circuit found that the second sanity commission was related to defendant's sanity at the time of the offense and that his competency to proceed had previously been decided. The court explained that the fundamental difference between sanity at the time of the offense and competency to proceed is that once the question of a defendant's competency to proceed is raised, no further steps in the prosecution shall occur. When a sanity commission is to examine a defendant with reference to his sanity at the time of the offense, the prosecution does not stop. The court further noted that the question of sanity at the time of the offense is not determined pretrial; it is a factual matter to be determined at trial. The court stated that because insanity at the time of the offense is an affirmative defense, it can be waived by the defendant.

However, the following factual basis was provided by the State during the guilty plea proceeding:

> Furthermore, with regard to that bill once again in 15-5586, had this matter proceeded to trial with regard to count one, our evidence would have proven that: Mr. Blunt, on or between June 1, 2015, and June 30th of the same year, committed a violation of Louisiana R.S. 14:43.1 in that he did commit sexual battery upon a known juvenile. That juvenile's date of birth was 7/16/2008. At the time of that offense, the child was under the age of 13. He accomplished that offense by the touching of the victim's genitals by the offender.
>
> In connection with count two, our evidence would have further proven that: On or between the same date range, Mr. Blunt committed a further violation of Louisiana R.S. 14:43.1 in that he did commit sexual battery upon a second known juvenile. That juvenile's date of birth was April 2, 2013. The child in that case again was younger than 13. The offense in this case was again accomplished by the touching of the genitals by the offender. Both of those offenses occurred in Jefferson Parish and that is this Court's jurisdiction.[10]

## *ANDERS* BRIEF

Under the procedure adopted by this Court in *State v. Bradford*, 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[11] appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *State v. Jyles*, 96-2669 (La. 12/12/97), 704 So.2d 241 (*per curiam*), appointed counsel requests permission to withdraw as counsel of record for defendant.

In *Anders*, *supra*, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds her case to be wholly frivolous after a conscientious examination of it. The request must be accompanied by "'a brief referring to anything in the record that might arguably support the appeal'" so as to provide the reviewing court "with a basis for

---

[10] The bill of information reflects these same details.

[11] In *Bradford*, *supra*, this Court adopted the procedures outlined in *State v. Benjamin*, 573 So.2d 528, 530 (La. App. 4 Cir. 1990), which were sanctioned by the Louisiana Supreme Court in *State v. Mouton*, 95-981 (La. 4/28/95), 653 So.2d 1176, 1177 (*per curiam*).

determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability" and to assist the reviewing court "in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." *McCoy v. Court of Appeals of Wisconsin, Dist. 1*, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).

In *Jyles*, 96-2669, 704 So.2d at 241, the Louisiana Supreme Court stated that an *Anders* brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The court explained that an *Anders* brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." *Id.*

When conducting a review for compliance with *Anders*, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. *Bradford*, 95-929, 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. *Id.*

## ANALYSIS

Defendant's appellate counsel asserts that after a detailed review of the record, she found no non-frivolous issues to raise on appeal. Appellate counsel asserts that the bill of information plainly and concisely states the essential facts of

the offenses charged and sufficiently identifies defendant and the crimes charged. Appellate counsel further states that the minute entries, plea form, and transcript demonstrate that defendant appeared at each stage of the proceedings against him and was represented by counsel. Appellate counsel notes that the defense filed omnibus motions, but the motions were considered waived because defendant did not object to the trial court's failure to rule on them prior to entering his guilty pleas. Further, appellate counsel contends that the State and defense stipulated to defendant's competency. Appellate counsel acknowledges that defendant did not preserve any matters pursuant to *State v. Crosby*, 338 So.2d 584 (La. 1976). Appellate counsel states that the plea was entered freely and voluntarily and that there were no *Boykin*[12] deficiencies.

Appellate counsel asserts that the plea form informed defendant of the minimum and maximum sentences he could have received and the actual sentence to be imposed. Appellate counsel notes that defendant signed the form and received the sentences he agreed to and expected to receive pursuant to the plea agreement. Appellate counsel notes that defendant's sentences complied with the statutory sentencing range. Appellate counsel states that the plea agreement was substantially beneficial to defendant because he received the minimum legal sentence, his sentences were imposed concurrently, and the State agreed not to file a habitual offender bill of information as to either of the convictions.

The State responds that appellate counsel correctly notes that this case presents no non-frivolous issues for appellate review. The State asserts that appellate counsel has "cast an advocate's eye" over the record and determined there were no non-frivolous issues to raise on appeal. It also asserts that appellate counsel conformed with and followed the procedures set forth in *Anders* and *Jyles*

---

[12] *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

and should be granted permission to withdraw. The State notes that the trial court conducted a *Boykin* colloquy with defendant and explained the rights he was waiving by pleading guilty. The State acknowledges that defendant also executed a *Boykin* form. The State asserts that the trial court explained to defendant the maximum sentences and the sentences to be imposed and explained the time limitations for appeal and post-conviction relief. The State contends that the trial court did not explicitly explain to defendant the elements of the crimes pursuant to La. C.Cr.P. art. 556.1. However, the State argues that such a variance does not establish that defendant lacked awareness of the essential nature of the offense to which he was pleading.

Appellate counsel has filed a motion to withdraw as attorney of record for defendant which states that after a conscientious and thorough review of the trial court record, she finds no non-frivolous issues to raise on appeal and no ruling of the trial court that arguably supports the appeal. Additionally, this Court sent defendant a letter by certified mail informing him that an *Anders* brief had been filed and that he had until August 9, 2020 to file a *pro se* supplemental brief. Defendant has not filed a supplemental brief.

An independent review of the record supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal. The bill of information properly charged defendant and plainly and concisely stated the essential facts constituting the charged offenses. It also sufficiently identified defendant and the crimes charged. *See generally* La. C.Cr.P. arts. 464-466. As reflected by the minute entries, defendant and his counsel appeared at all crucial stages of the proceedings against him, including his arraignment, guilty plea proceeding, and sentencing. We note that defendant was not present when his plea was changed from not guilty to not guilty and not guilty by reason of insanity. Defendant's presence at arraignment is required by La. C.Cr.P. art. 831. However,

the record does not show an objection nor any prejudice suffered by defendant due to his absence. Accordingly, the irregularity was waived by defendant. *See* La. C.Cr.P. art. 555; *State v. Hernandez*, 98-448 (La. App. 5 Cir. 5/19/99), 735 So.2d 888, 900, *writ denied*, 99-1688 (La. 11/12/99) 750 So.2d 194. As such, defendant's absence does not present any issues that would support an appeal.

Further, defendant pled guilty as charged to the bill of information. If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes review of such defects either by appeal or post-conviction relief. *State v. Turner*, 09-1079 (La. App. 5 Cir. 7/27/10), 47 So.3d 455, 459. Here, defendant entered an unqualified plea of guilty; consequently, all non-jurisdictional defects were waived.

The record also indicates that defendant filed omnibus motions, including motions to suppress the statement, the evidence, and the identification, which do not appear to have been ruled upon prior to the time defendant entered his guilty pleas. Also, defendant did not object to the trial court's failure to do so. When a defendant does not object to the trial court's failure to hear or rule on a pretrial motion prior to pleading guilty, the motion is considered waived. *See State v. Corzo*, 04-791 (La. App. 5 Cir. 2/15/05), 896 So.2d 1101, 1102. Thus, no rulings were preserved for appeal under *Crosby*, *supra*. Further, prior to defendant's guilty plea proceeding, the trial court accepted a joint stipulation that defendant was competent to proceed to trial. This Court has previously determined that a defendant's guilty plea waived his right to challenge his competency on appeal. *See State v. Ellis*, 19-435 (La. App. 5 Cir. 1/29/20), 290 So.3d 306, 311; *State v. Chirlow*, 18-360 (La. App. 5 Cir. 11/7/18), 259 So.3d 604, 609; *State v. Marenco*, 17-418 (La. App. 5 Cir. 12/27/17), 236 So.3d 784, 789.

Under La. C.Cr.P. art. 556.1(A)(1),[13] the trial court shall not accept a plea of guilty or nolo contendere without determining that the defendant understands the nature of the charge to which the plea is offered. However, violations of Article 556.1 that do not rise to the level of *Boykin* violations are subject to a harmless error analysis. *State v. Fontenelle*, 17-103 (La. App. 5 Cir. 9/13/17), 227 So.3d 875, 881. To determine whether a violation of Article 556.1 is harmless, the proper inquiry is whether the defendant's knowledge and comprehension of the full and correct information would have likely affected his willingness to plead guilty. *State v. Howard*, 11-1155 (La. App. 5 Cir. 5/22/12), 91 So.3d 564, 570, *writ denied*, 12-1826 (La. 3/1/13), 108 So.3d 787.

The test for the validity of a guilty plea does not depend on whether the trial court specifically informed defendant of every element of the offense. Rather, the defendant must establish that he lacked awareness of the essential nature of the offense to which he was pleading. *Howard*, *supra*. Further, this Court has found that "[w]hen a defendant is represented by counsel, the trial court accepting his guilty plea may presume that counsel has explained the nature of the charge in sufficient detail that the defendant has notice of what his plea asks him to admit." *State v. Dadney*, 14-511 (La. App. 5 Cir. 12/16/14), 167 So.3d 55, 60, *writ denied*, 15-90 (La. 10/30/15), 179 So.3d 614.

In the present matter, defendant was represented by counsel at the time of his guilty plea. The record reflects that defendant was aware he was pleading guilty to two counts of sexual battery of a juvenile under thirteen years old as evidenced by the colloquy with the trial judge and the waiver of rights form.

---

[13] La. C.Cr.P. art. 556 reads, in pertinent part:

A. In a felony case, the court shall not accept a plea of guilty or nolo contendere without first addressing the defendant personally in open court and informing him of, and determining that he understands, all of the following:

(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.

Defendant was informed of the charges on the waiver of rights form, which contains his initials and signature. At the beginning of the colloquy, defense counsel stated he had already gone over the "*Boykin* form" and "notification to sex offenders" with defendant and felt defendant understood them. The trial court asked if defendant understood the nature of the crimes to which he was pleading guilty. Defendant verbalized during the colloquy that he understood he was pleading guilty to two counts of sexual battery upon a juvenile under thirteen years of age. It does not appear that at any time during the plea colloquy defendant indicated to the trial court that he did not understand the nature of the charges. As such, we find that defendant was aware of the nature of the crimes to which he pled guilty.

During the colloquy and by the waiver of rights form, defendant was informed of the potential minimum and maximum penalties he faced. He was advised that the sentence that could be imposed was twenty-five to ninety-nine years imprisonment.[14] He was further advised that the sentence that would be imposed was twenty-five years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence on each count, credit for time served. He was also informed by the trial court and on the waiver of rights form that he must comply with all sex offender registration requirements pursuant to La. R.S.

---

[14] The law in effect at the time of the commission of the offense is determinative of the penalty imposed. *State v. Sugasti*, 01-3407 (La. 6/21/02), 820 So.2d 518, 520. La. R.S. 14:43.1, at the time of the offenses, provided:

> (C)(2) Whoever commits the crime of sexual battery on a victim under the age of thirteen years when the offender is seventeen years of age or older shall be punished by imprisonment at hard labor for not less than twenty-five years nor more than ninety-nine years. At least twenty-five years of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence.

> * * *

> (C)(4) Upon completion of the term of imprisonment imposed in accordance with Paragraphs (2) and (3) of this Subsection, the offender shall be monitored by the Department of Public Safety and Corrections through the use of electronic monitoring equipment for the remainder of his natural life.

15:543 for life.[15]  Defendant was also advised he would have to pay a $45 public defender's fee.

Additionally, a review of the record reveals no irregularities in defendant's guilty pleas that would render them invalid.  Once a defendant is sentenced, only those guilty pleas that are unconstitutionally infirm may be withdrawn by appeal or post-conviction relief.  A guilty plea is unconstitutionally infirm if it is not entered freely and voluntarily, if the *Boykin* colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept.  *State v. McCoil*, 05-658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124.

The record reflects no unconstitutional infirmity in defendant's guilty pleas. The record reflects that defendant was aware he was pleading guilty to two counts of sexual battery of a juvenile under thirteen years old.  Defendant was also properly advised of his *Boykin* rights.  On the waiver of rights form and during the colloquy with the trial judge, defendant was advised of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination.  During the colloquy with the trial judge, defendant also indicated that he understood he was waiving these rights.  Additionally, on the waiver of rights form, defendant initialed next to these rights and placed his signature at the end of the form indicating that he understood he was waiving these rights by pleading guilty.

Also, defendant indicated that he was satisfied with the way his attorney handled his case.  Defendant indicated he understood that pleading guilty was a knowing, intelligent, free, and voluntary act on his part and that no promises or threats had been made to encourage him to plead guilty.  The trial court further informed defendant that his guilty pleas could be used to enhance a penalty for any

---

[15] Written notification of the sex offender registration requirements was also provided to defendant.

future conviction. After his colloquy with defendant, the trial judge accepted defendant's guilty pleas as knowingly, intelligently, and voluntarily made.

With regard to defendant's sentences, La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. *State v. Washington*, 05-211 (La. App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. Here, defendant's sentences were imposed in accordance with the terms of the plea agreement set forth in the record at the time of the plea. Further, his sentences fall within the sentencing range set forth in the statute. *See* La. R.S. 14:43.1. Additionally, the plea agreement appears beneficial to defendant in that he received the minimum sentences for his convictions, and the State agreed not to file a habitual offender bill against him.

Because appellate counsel's brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and an independent review of the record by this Court supports counsel's assertion, appellate counsel's motion to withdraw as attorney of record for defendant is hereby granted. Defendant's convictions and sentences are affirmed.

## ERRORS PATENT REVIEW

Defendant requests an errors patent review. However, this Court routinely reviews the record for errors patent in accordance with La. C.Cr.P. art. 920, *State v. Oliveaux*, 312 So.2d 337 (La. 1975), and *State v. Weiland*, 556 So.2d 175 (La. App. 5th Cir. 1990), regardless of whether the defendant makes such a request.

Upon review, we find that there is a discrepancy between the sentencing transcript, the minute entry, and the Louisiana Uniform Commitment Order ("UCO"). The transcript reflects that the trial court imposed defendant's sentences

without the benefit of probation, parole, or suspension of sentence.[16]  However, the UCO and the minute entry do not reflect that the trial court restricted benefits. Generally, the transcript prevails where there is an inconsistency between the minute entry and the transcript.  *State v. Lynch*, 441 So.2d 732, 734 (La. 1983).

Accordingly, we find that the sentencing minute entry and UCO are inconsistent with the sentencing transcript.  As such, for purposes of accuracy, the matter is remanded to the trial court with instructions for the trial judge to correct the sentencing minute entry and the UCO to conform to the transcript.  We also instruct the Clerk of Court for the 24th Judicial District Court to transmit the corrected UCO to the appropriate authorities in accordance with La. C.Cr.P. art. 892(B)(2), and to the Department of Corrections' legal department.  *See State v. Garcie*, 17-609 (La. App. 5 Cir. 4/11/18), 242 So.3d 1279, 1290; *State v. Thornton*, 17-470 (La. App. 5 Cir. 3/14/18), 242 So.3d 799, 806.

## CONCLUSION

For the foregoing reasons, defendant's convictions and sentences are affirmed.  The matter is remanded to the trial court with instructions for the trial judge to correct the sentencing minute entry and the Louisiana Uniform Commitment Order to conform to the transcript, as noted above.  Appellate counsel's motion to withdraw as counsel of record for defendant is granted.

**AFFIRMED; REMANDED WITH INSTRUCTIONS; MOTION TO WITHDRAW GRANTED**

---

[16] It is also noted that the waiver of rights form reflects that defendant agreed to sentences without benefits.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**NOVEMBER 18, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL
PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

*Curtis B. Pursell*

**CURTIS B. PURSELL**
CLERK OF COURT

## 20-KA-171

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE E. ADRIAN ADAMS (DISTRICT JUDGE)
DARREN A. ALLEMAND (APPELLEE)       MATTHEW R. CLAUSS (APPELLEE)       THOMAS J. BUTLER (APPELLEE)
HOLLI A. HERRLE-CASTILLO
(APPELLANT)

**MAILED**
HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053